M. Feigel & Brothers, Inc., v. The National Shellac Co.

(Decided December 10, 1928.)

*Mr. Edward H. Brink* and *Mr. John J. Cooney,* for plaintiff in error.

*Messrs. Renner & Renner,* for defendant in error.

Hamilton, P. J. This case grows out of a sales contract under which the National Shellac Company, defendant in error here, agreed to purchase, and Feigel & Brothers agreed to sell, 50 barrels of bone dry shellac at 34½ cents per pound, f. o. b. New York, to be shipped when and as wanted by the Shellac Company during the balance of the year; terms of payment, cash in ten days.

Under the contract, the Shellac Company, in July, 1926, ordered 1,200 pounds of the bone dry shellac shipped, and, upon receipt of the order, Feigel & Brothers did ship 1,200 pounds of shellac. The Shellac Company received the 1,200 pounds, and proceeded to cut the same and manufacture it into varnish for the trade; whereupon it claims it found the shellac was not of the quality provided for, was not good and merchantable, was unsalable, and injured its varnish trade, and it refused to pay for the 1,200 pounds of shellac. Feigel & Brothers thereupon refused to make further shipments of the shellac, and cancelled the contract, and brought suit in the municipal court of Cincinnati for the contract price of the 1,200 pounds delivered.

The Shellac Company filed an answer to the bill of particulars, setting up the defense that the goods were not of the kind or quality contracted for; and, by way of cross-bill, set up a claim for damage for failure to ship the shellac contracted for, and for other incidental damages.

On the trial of the case, the municipal court found against the plaintiff on its bill of particulars, and in favor of the defendant on its cross-bill, for an amount to the extent of its jurisdiction, to wit, $750, and rendered judgment dismissing the bill of particulars and rendering judgment for the defendant on the cross-bill for the sum of $750.

Feigel & Brothers prosecuted error to the court of common pleas, which court affirmed the judgment of the municipal court.

Plaintiff in error prosecutes error to this court, seeking a reversal of the common pleas and municipal courts.

The main ground stressed for reversal is that the judgment is against the weight of the evidence, and that the evidence does not show there was a breach of warranty.

It would serve no purpose to discuss in detail the evidence. It is sufficient to say that an examination of the record discloses sufficient evidence to justify the court in finding a breach on the part of the plaintiff.

The second and third specifications of error are to the effect that the defendant failed to show it was ready, willing, and able to pay for the balance of the shellac, deliverable under the contract, and that the defendant, the Shellac Company, having failed to pay for the shipment of the 1,200 pounds, Feigel & Brothers were relieved from any obligation to make further shipments.

The last two propositions turn on the question of whether or not there was a breach of warranty as to the material shipped, and a breach of contract by Feigel & Brothers, plaintiff in error, by refusal to make a further delivery. If there was a breach of warranty concerning the 1,200 pounds shipped, the Shellac Company was not bound to pay, unless the price thereof exceeded the damage, which is not shown to be the case. As above stated, the evidence shows a breach of warranty and refusal to make further delivery. The facts bring the Shellac Company within the protection of the provisions of the Uniform Sales Act (Sections 8447 and 8449, General Code).

Under the evidence and the law applicable, we find there was no error in the judgment, and the

court of common pleas was correct in affirming the judgment of the municipal court.

*Judgment affirmed.*

CUSHING and ROSS, JJ., concur.